1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT J. WEHR,                    )        1:09-cv-01450-SMS
                                       )
12                  Plaintiff,         )        **ORDER DETERMINING THAT**
                                       )        **PLAINTIFF HAS STATED A CLAIM**
13       v.                            )        **AGAINST THE COMMISSIONER**
                                       )
14  MICHAEL J. ASTRUE,                 )        **ORDER DIRECTING CLERK TO**
    Commissioner of Social             )        **ISSUE AND SERVE SCHEDULING**
15  Security,                          )        **ORDER AND NEW CASE DOCUMENTS**
                                       )
16                  Defendant.         )        **ORDER DIRECTING PLAINTIFF TO**
    _____)        **SUBMIT COMPLETED SERVICE**
17                                              **DOCUMENTS TO THE COURT**

18                                              **ORDER DIRECTING CLERK TO**
                                                **FORWARD ANY SERVICE DOCUMENTS**
19                                              **SUBMITTED TO THE MARSHAL FOR**
                                                **SERVICE OF PROCESS**
20
                                                **ORDER DIRECTING THE MARSHAL**
21                                              **TO SERVE PROCESS UPON RECEIPT**
                                                **OF SERVICE DOCUMENTS**
22
                                                **ORDER DIRECTING PLAINTIFF**
23                                              **TO IMMEDIATELY INFORM THE**
                                                **COURT OF HIS CURRENT**
24                                              **TELEPHONE NUMBER OR WITHIN**
                                                **FOURTEEN DAYS**
25

26       Plaintiff is proceeding pro se with an action in which he

27  seeks judicial review of a final decision of the Commissioner of

28  Social Security denying his application for benefits.

                                    1

On December 7, 2009, plaintiff filed his complaint, as well as a motion to proceed in forma pauperis.  On January 6, 2010, the Court granted plaintiff's motion to proceed in forma pauperis.

I.    Screening of the Complaint

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon

2

1  which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.   However, "the
2  liberal pleading standard...applies only to a plaintiff's factual
3  allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).

4      In reviewing a complaint under this standard, the Court
5  must accept as true the allegations of the complaint in question,
6  <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740
7  (1976), construe the pro se pleadings liberally in the light most
8  favorable to the plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447
9  (9th Cir. 2000), and resolve all doubts in the plaintiff's favor,
10 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

11     Although a complaint attacked by a Rule 12(b)(6) motion
12 to dismiss does not need detailed factual allegations, a
13 plaintiff does not meet his or her obligation to provide the
14 grounds of entitlement to relief by supplying only conclusions,
15 labels, or a formulaic recitation of the elements of a claim.
16 <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007).
17 Factual allegations must be sufficient, when viewed in light of
18 common experience, to raise a right to relief above the
19 speculative level, and to provide plausible grounds to suggest
20 and infer the element, or to raise a reasonable expectation that
21 discovery will reveal evidence of the required element.  <u>Bell</u>,
22 127 S.Ct. at 1965.  Once a claim has been stated adequately, it
23 may be supported by showing any set of facts consistent with the
24 allegations of the complaint, and it may not be dismissed based
25 on a court's assessment that the plaintiff will fail to find
26 evidence to support the allegations or prove the claim to the
27 satisfaction of the finder of fact.  <u>Bell</u>, 127 S.Ct. at 1969.
28 //

If the Court determines that the complaint fails to
state a claim, leave to amend should be granted to the extent
that the deficiencies of the complaint can be cured by amendment.
Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).
Dismissal of a pro se complaint for failure to state a claim is
proper only where it is obvious that the plaintiff cannot prevail
on the facts that he has alleged, and that an opportunity to
amend would be futile.  Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis
either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 324
(1989).  A frivolous claim is based on an inarguable legal
conclusion or a fanciful factual allegation.  Id.  A federal
court may dismiss a claim as frivolous if it is based on an
indisputably meritless legal theory or if the factual contentions
are clearly baseless.  Id.

The test for malice is a subjective one that requires
the Court to determine whether the applicant is proceeding in
good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
(1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
1986).  A lack of good faith is most commonly found in repetitive
suits filed by plaintiffs who have used the advantage of cost-
free filing to file a multiplicity of suits.  A complaint may be
inferred to be malicious if it suggests an intent to vex the
defendants or abuse the judicial process by re-litigating claims
decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
(D.C.Cir. 1981); if it threatens violence or contains
disrespectful references to the Court, id.; or, if it contains
untrue material allegations of fact or false statements made with

4

1  knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,

2  741 F.2d 209, 212 (8th Cir. 1984).

3         Here, plaintiff has stated a claim against the

4  Commissioner of Social Security for review of a specific,

5  unfavorable decision by the Commissioner of Social Security.

6      II.  <u>Issuance and Service of Scheduling Order and New
           Case Documents, Including Service Documents, on
7          Plaintiff</u>

8         Because plaintiff has previously established his

9  entitlement to proceed in forma pauperis, and because plaintiff

10 has stated a claim against the Commissioner, the Clerk is

11 DIRECTED to issue and serve plaintiff with a scheduling order, as

12 well as all customary new case documents, including but not

13 limited to USM-285 instructions and forms.

14        Upon plaintiff's return of the completed service

15 documents to the Court, the Clerk is DIRECTED to forward same on

16 to the United States Marshal, together with a copy of this order.

17     III. <u>Directions to Plaintiff to Complete and Return
           Completed Service Documents to the Clerk</u>
18

19        Plaintiff is DIRECTED to complete and return to the

20 Court, without delay, the service documents that will be served

21 on plaintiff so that the Clerk may then forward them, together

22 with a copy of this order, to the United States Marshal for

23 service of process.

24     IV.  <u>Service of the Complaint by the Marshal</u>

25        Because plaintiff has stated a claim, the United States

26 Marshal shall serve the complaint on the Commissioner when

27 appropriate service documents are forwarded to the Marshal.

28 //

1    V.    <u>Directions to Plaintiff to Provide a Telephone Number</u>
           <u>to the Court within Fourteen Days</u>

2

3          Local Rule 182(f) requires that each party appearing in

4    propria persona is under a continuing duty to notify the Clerk

5    and all other parties of any change of address or telephone

6    number of the party; absent such notice, service of documents at

7    the prior address of the party shall be fully effective.

8          The Court notes that plaintiff has not provided a

9    telephone number on any pleadings filed with the court thus far,

10   as required by Local Rule 131(a).  Accordingly, plaintiff is

11   DIRECTED to immediately provide the Court with a current

12   telephone number or certainly within fourteen (14) days from the

13   date of service of this order.

14
     IT IS SO ORDERED.
15
     **Dated:    February 5, 2010**              **/s/ Sandra M. Snyder**
16                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28